121 So.2d 268 (1960)
Alvin BROUSSARD, Plaintiff-Appellant,
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY, et al., Defendants-Appellees.
No. 5069.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
*269 Jack C. Watson, Lake Charles, for appellant.
Lewis D. Dunbar, Baton Rouge, for appellees.
Before TATE, PUTNAM, and PUGH, JJ.
TATE, Judge.
After appropriate administrative proceedings, the Board of Review of the Division of Employment Security denied the plaintiff's application for unemployment compensation on the ground that he was disqualified because he had voluntarily left his employment without good cause. See LSA-R.S. 23:1601(1). This suit is for judicial review of the administrative agency's denial of unemployment compensation. Impleaded as codefendants are the agency's administrator and the claimant's former employer.
The claimant appeals from the district court's judgment affirming such denial of unemployment benefits.
The petitioner-claimant disputes the determination by the agency that he was legally disqualified from receiving unemployment compensation, and he seeks judicial review thereof under LSA-R.S. 23:1634, which in part provides:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, * * *".
The evidence in the administrative hearing consists of the sworn testimony of the claimant and of an attorney whom he had retained in connection with his workmen's compensation claim resulting from an injury sustained while working for the codefendant employer on February 3, 1959.
The claimant testified that he had not returned to work for his employer following the injury because he had been disabled. He further stated that, upon informing his employer on the day following the accident that (according to the doctor) he would be unable to work for approximately eight weeks, his employer then told him that then it would be necessary to replace him. The plaintiff drew workmen's compensation for approximately seven weeks and then concluded a small compensation settlement. The claimant stated that upon recovering from his disability approximately on May 1st, he had not contacted his employer because the latter had indeed hired a new employee to replace him as the firm's only delivery man and because the claimant knew his employer was now very antagonistic to him because of conversations between the employer and the claimant's attorney and because, when the claimant had met the employer on the street, the employer had turned his head and refused to return his greeting.
The plaintiff's attorney testified that, when he had called the employer in connection with his client's workmen's compensation claim, the employer displayed a "very antagonistic" attitude towards the plaintiff, disbelieved that an accident had incurred, and stated that the claimant "was a dead-beat" and "was just trying to get something for nothing." The attorney stated that, because of this hostile attitude, it was inconceivable to him that the employer would have rehired the plaintiff if the latter had applied for reinstatement *270 to his former position as deliveryman (which had, in fact, been filled by a replacing employee).
The employer did not see fit to appear and testify at the administrative hearing. Representing his attitude there is only an unsworn and ex parte statement on an agency form by which, prior to the hearing, he had opposed the payment of unemployment compensation benefits to the worker, stating: "claimed he was injured on job. * * * He was not laid off or fired. He failed to come back to work." (Emphasis ours.) There is no testimony that the employer would have reinstated the claimant had the latter applied for his former position.
After reviewing the evidence, the defendant agency's Board of Review concluded that "The claimant was physically able to return to work as of May 1, 1959. He made no attempt to continue working for the employer. The matter was never discussed either by the claimant or the employer as to whether or not there was future employment. The evidence shows, however, that the claimant was never advised by the employer that he was terminated and the evidence will show that he was not terminated, but that he failed to return to work to claim his job." Unemployment benefits were denied to the claimant under LSA-R.S. 23:1601(1), which provides for individual's disqualification if "he has left his employment without good cause connected with his employment."
In affirming this denial, the trial court stated that "The Board of Review apparently decided that plaintiff was not justified in assuming that his employer would refuse to reinstate him", held that there was sufficient evidence to support the Board's conclusions, so that the court was therefore without power to reverse them.
We must, with some regret, differ with our learned trial brother. In our opinion, under the evidence in the administrative hearing the agency's determination that the claimant voluntarily left his employment without good cause is not a finding of fact supported by sufficient evidence which is conclusive upon the courts in a judicial review of the agency's actions.
The facts found by the agency, and indeed the uncontradicted evidence at the administrative hearing, show only that the employee was disabled by accident on February 3rd, that a new employee was hired to replace him in his job, and that upon the employee's recovery from disability on May 1st he did not contact his employer to discover if his job would again be available because of the replacement by a new employee and because of hostility evidenced towards him by his employer following his work-caused disability and his resultant workmen's compensation claim. Whether under these facts the employee can be held to have left his work without good cause connected with his employment is a question of law, upon which the courts in reviewing the agency's determination may properly reach a different conclusion than did the agency.
As stated by Judge Gladney for our brothers of the Second Circuit in Lacombe v. Sharp, La.App., 99 So.2d 387, 388-389: "* * * the courts may not invalidate the findings of fact by the Board of Review where supported by evidence entitled to judicial acceptance. It is equally clear, however, that where a court must ascertain the effect of the act, judicial responsibility embraces the question of whether such findings are indicative of a disqualification under the statute." While acknowledging that the findings of an administrative agency supported by substantial evidence are conclusive on the courts, we likewise noted in Raborn v. Heard, La.App., 87 So.2d 146, 148, that "the courts will not sustain a determination where the decision is supported by no substantial evidence * * *. So also, a question of law is presented for review if the administrative tribunal misapplied the law to the facts as found by it."
*271 In both of the cited cases the courts, accepting the factual findings of the administrative agency, nevertheless reversed the agency's determinations on the ground that under the facts found the agency had as a matter of law incorrectly denied unemployment compensation benefits to the claimants. See Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259. See also Comment, "Unemployment Compensation in Louisiana", 19 La.L.Rev. 448 (1959) at 473: "While the courts cannot question facts as found by the Board if supported by sufficient evidence, they should always be able to determine the meaning of the law to be applied to those facts and to review the application of the law."
Applying these standards of judicial review to the facts found by the agency, we find that there is no evidence to support the agency's determination that the claimant had left his employment without good cause connected therewith. Rather, the undisputed factual evidence shows that he left his employment because he was injured at work and his job was immediately filled by a new and replacing employee.
Even if a claimant may normally be (as the Board felt) under a duty to inquire of his employer whether his former job is still available to him upon his recovery from disability, we cannot agree that such inquiry is a condition precedent to eligibility for unemployment compensation benefits under the circumstances shown by this record, where the claimant's former position had been filled by a replacing employee and where the employer had evidenced a pronounced hostility to the claimant, indicating that an application for reinstatement would be a vain and useless ceremony. Cf., Division of Employment Security, Policy and Precedent Guide 8 (La.1955): "The pertinent consideration is whether or not the worker acted reasonably in quitting work, having in mind such general factors as policy and what the normal worker would have done under the same circumstance," quoted in above-cited Comment, "Unemployment Compensation in Louisiana" at 19 La.Law Rev. 461.
Since we find that the claimant is not legally disqualified from receiving unemployment compensation, he is entitled, within the statutory duration to receive benefits for each week following April 28, 1959, for which he is statutorily eligible. This court cannot, however, award a monied judgment but must remand the proceedings to the Board of Review with directions that it grant relief in accordance with the court's holding. LSA-R.S. 23:1634; Raborn v. Heard, La.App. 1 Cir., 87 So.2d 146; Walsworth v. Heard, La. App. 2 Cir., 84 So.2d 254. Likewise, the claimant's attorney's fees should be fixed by the administrator. LSA-R.S. 23:1692.
For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, for further proceedings in accordance with our decision herein.
Reversed and remanded.