148 So.2d 326 (1962)
Vernon L. BARBER, Plaintiff-Appellant,
v.
LAKE CHARLES PIPE AND SUPPLY COMPANY, and Administrator, Division of Employment Security of Department of Labor, Defendants-Appellees.
No. 713.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Rehearing Denied January 17, 1963.
*327 Rogers & McHale, by Jack Rogers, Lake Charles, for plaintiff-appellant.
Marion Weimer, Baton Rouge, and Melvin L. Bellar, Shreveport, Steward & Bond, by W. E. Bond, Lake Charles, for defendants-appellees.
Before TATE, FRUGÉ and SAVOY, JJ.
FRUGÉ, Judge.
This is an appeal from a judgment of the District Court, reversing a decision of the Board of Review of the Division of Employment Security of the Department of Labor, State of Louisiana, and denying plaintiff unemployment benefits.
Initially the Appeals Referee denied plaintiff unemployment benefits and this decision was affirmed by the Board of Review. Subsequently plaintiff appealed to the Fourteenth Judicial District Court which remanded the case back to the Board with instructions to inquire as to whether plaintiff could work at light duty free from pain following an injury which he received. Following this inquiry, the Board of Review reversed its position and held that plaintiff was entitled to unemployment benefits. On appeal to the Fourteenth Judicial District Court, the Board of Review's holding was reversed and plaintiff's demands rejected.
The primary issue presented by this appeal is whether appellant contacted his employer timely for reinstatement to his job after being absent from his employment because of a temporary disability. Upon final review of this matter, the Board of Review found that claimant had presented sufficient evidence to show that he did contact his employer for reinstatement to his job as soon as he was discharged by his physician as physically able to return to work. (Tr. 82.)
In commenting on the scope of review, with regard to the findings of fact by the Board, we stated in the recent decision of Lee v. Brown, La.App., 148 So.2d 321, that:
"On review by the courts, the findings of fact by the board are conclusive `if supported by sufficient evidence', LSA-R.S. 23:1634. At the judicial review, `no additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review' (and thereafter the board may modify its findings before filing the additional evidence with the court), LSA-R.S. 23:1634."
Thus, in the case at bar, we cannot question the findings of fact by the board where such is supported by evidence entitled to judicial acceptance.
*328 After reviewing the record, in the instant case, we are of the opinion that there is sufficient evidence to support the conclusion of the Board that claimant had timely contacted his employer for reinstatement to his job. Therefore, claimant, as a matter of law did not abandon his employment and is entitled to receive unemployment compensation benefits.
Additionally, counsel for defendants contends that claimant failed to keep his employer informed as to the reasons for his absence. It is true that we stated in Prenell v. Brown, La.App., 130 So.2d 520, that:
"Ordinarily, where an employee leaves his employment because of a temporary disability with the expectation of later returning to work, he is required to give a timely notice to his employer or otherwise manifest an intention not to abandon his employment. An employee who neglects to take such precautions to guard his job as a reasonable prudent person would take, and who is not permitted to return to his work in consequence thereof, is not entitled to unemployment compensation." (Citations omitted.)
However, in the case at bar, plaintiff's employer was fully aware of the nature of plaintiff's injury, since he was injured on the job and directed to see the company doctor. Although claimant subsequently went to a doctor of his own choice, the company doctor was kept informed of his progress. We think that under these circumstances the claimant's employer had adequate notice of plaintiff's intention to return to his job after recovery from his injury.
For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana.
Reversed and remanded.

On Application for Rehearing.
En Banc.
PER CURIAM.
The Administrator has applied for rehearing. The sole contention is that this court in its original opinion erred in holding that there was sufficient evidence to support the factual determination of the administrative agency that: "The claimant has presented sufficient evidence to show that he did contact his employer for reinstatement to his job as soon as he was discharged by his physician as physically able to return to work." (The administrator does not contend in his application that the employer did not have adequate notice of the employee's continued disability and continued treatment by his own attending physician, through reports furnished by that physician to the employer's compensation insurer.)
In such contention, the Administrator relies upon excerpts from the testimony which tend to show that the claimant's physician actually found that he was able to return to work on May 5, 1961, whereas the claimant did not do so until June 16, 1961.
However, the record also shows that the physician indicated in his report at the time that the claimant still had residual disability on the occasion of his May 5 examination and that the claimant "was asked to return in six weeks for further examination and evaluation." Tr. 40. After the claimant did report on June 16th for further evaluation and was finally discharged by this doctor this date, he immediately reported for work (Tr. 20) but was then told by his employer that his place had been filled during the period of his disability.
The question before the court on judicial review of an administrative determination that an employee is or is not entitled to unemployment compensation benefits, is not what finding the court might think is justified by what the court feels to *329 be the preponderance of the evidence. For, as noted in our original opinion, the legislature has provided that the findings of fact by the board are conclusive on the courts "if supported by sufficient evidence", LSA-R.S. 23:1634.
As stated at 81 C.J.S. Social Security and Public Welfare, § 232c:
"Thus, it is not a function of the court to weigh the evidence, resolve, conflicts in the testimony, determine the credibility of the witnesses, or to decide what inferences are to be drawn from the evidence. The court may not reevaluate the evidence or substitute its own judgment on the facts for that of the administrative agency * * *. [A]dministrative determinations of fact are conclusive unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. * * * Thus, a finding of fact will not be disturbed where there is evidence reasonably tending to sustain such finding or where there is evidence from which an inference of the fact found could be fairly be drawn."
As recently stated to this effect by our brothers of the Second Circuit in Wilson v. Brown, 147 So.2d 27, 29: "When the evidence produced at a hearing before an administrative agency is open to various constructions, the reviewing court must accept the finding of the agency."
Under the facts of this record, the administrative agency was free to draw the conclusion that the claimant, although possibly in fact able to return to work at an earlier date, nevertheless was justified in feeling he had not been released for a return to work until further re-examination by his own attending physician on June 16, 1961, immediately following which he did report back to his employer. As noted in Broussard v. Administrator, La.App. 1 Cir., 121 So.2d 268, 271, the pertinent consideration is whether or not the worker acted reasonably in failing to report for work, having in mind such a general factor as what the normal worker would have done under the same circumstances.
For the foregoing reasons, the application for rehearing herein is denied.
Application denied.