TATE, Judge.
The Division of Employment Security found the plaintiff to be disqualified for unemployment compensation benefits. By these proceedings, the claimant seeks judi *277 cial review of this administrative determination, LSA-R.S. 23:1634.
The District Court affirmed the administrative agency’s denial of unemployment compensation. The claimant consequently appeals.
The denial of unemployment benefits was based upon the statutory provision that a claimant shall be disqualified for. benefits if “he has left his employment without good cause connected with his employment” LSA-R.S. 23:1601(1).
íhe claimant was injured on the job in March of 1962. Eight days after he settled his workmen’s compensation claim against his employer for one thousand dollars, he appeared at his employer’s office on September 26th, signed certain papers, and withdrew his funds from the employer’s retirement plan. Four days later he applied for unemployment compensation benefits on the ground that he was “hurt on job — replaced”.
In denying him compensation benefits, the administrative agency found that the claimant had voluntarily “resigned in writing” on September 26th. By his appeal, the claimant contends, inter alia, that such finding is not supported by the evidence.
At the agency hearing, the employer’s representative stated that an employee had to resign in order to obtain a refund from the retirement plan. He stated that the claimant had signed a formal resignation from employment in connection with obtaining the refund.
Although the original or a copy of this formal resignation should have been but was not introduced into evidence at the agency hearing, and although the employee (who cannot read) at the hearing denied knowing that the paper he signed constituted a resignation rather than merely an application to receive his funds, we find that in the earlier agency proceedings he had stated in'writing that “I did resign my job on 9-26-62 because I was hurting and couldn’t go to work”.[1]
Upon judicial review, the courts must accept administrative determinations of fact “if supported by sufficient evidence * * *, and the jurisdiction of the court shall be confined to questions of law,” LSA-R.S. 23:1634. As stated in McGinnis v. Moreau, La.App. 3 Cir., 149 So.2d 188, 191, “the courts will not upset a factual determination by an administrative agency based upon the acceptance of one of two or more opposing versions of an incident by opposing witnesses; and, when the evidence at an administrative hearing is open to several reasonable constructions, the courts will accept that construction of the evidence which the administrative agency has reasonably made in reaching its factual determination.”
There being sufficient evidence to support the agency’s determination that the claimant had voluntarily resigned from his employment without cause, we cannot disturb the agency determination to such effect. Accordingly, the claimant is disqualified from receiving unemployment compensation benefits.
Because of this holding, it is unnecessary for us to discuss the very forceful contentions by able counsel for the claimant that an additional ground for disqualification urged — that the claimant had not reported back for work after a doctor had discharged him as cured — is without merit, because yet another physician found the *278 claimant still to be disabled up until the time he did report back for work, Barber v. Lake Charles Pipe and Supply Co., La. App. 3 Cir., 148 So.2d 326.
For the reasons assigned, we affirm the trial court judgment affirming the agency’s determination that the claimant is disqualified from receiving unemployment compensation benefits.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.

. A workman who quits his employment because of a disabling on-the-job injury is not disqualified for having left his employment without good cause connected therewith. Broussard v. Administrator, La.App. 1 Cir., 121 So.2d 268; cf., Gladson v. Brown, La.App. 3 Cir., 134 So. 2d 660. However, the claimant resigned eight days after he had settled his compensation claim, and there is no contention and no evidence to support any disability beyond the date of compensation settlement, which was concluded eight days before the employee quit his job.