BOLIN, Judge.
Plaintiff appeals from judgment of the district court sustaining a decision of the Board of Review of the defendant agency denying him unemployment compensation.
Leon Walker, an uneducated Negro, had been employed by Shreveport Grain and Elevator Company as a common laborer and handy man for approximately eleven years when, on May 10, 1962, he injured three toes of his right foot during the course and scope of his employment. Following this injury he drew weekly workmen’s compensation payments for fifteen weeks culminating in a lump sum compromise settlement of $400 on January 17, 1963. On January 23, 1963, he filed a claim for benefits with the Division of Employment Security and was disqualified by the agency because he had made no attempt to contact Shreveport Grain and Elevator Company about returning to his former employment. This initial determination was affirmed by the Appeals Referee and the Board of Review for the Division of Employment Security.
It is well established that a judicial review of the administrative determination in these cases is limited to questions of law. LSA-R.S. 23:1634 provides:
“ * * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * *
In disqualifying plaintiff for benefits, the appeals referee rendered the following written opinion:
“R.S. 1601(1) of the Louisiana Employment Security Law provides that a claimant shall be disqualified for leaving employment without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, *260 and must then have been separated under non-disqualifying circumstances.
“The claimant has not returned to the employer seeking re-employment following an injury he received on the job. He was released by his doctor as able to return to work on October 10, 1962. He received a compromise settlement from the injury on January 17, 1963. It is held that he left this job because of his own wishes and not good cause connected with the work.” (Emphasis supplied.)
We think the ruling appealed from is erroneous. Relied upon as basis for disqualification of claimant is LSA-R.S. 23:-1601(1) which provides as follows:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment $ * *»
The evidence is that the employee left his employment on May 10, 1962, because of injuries received on the job. Six days after making a compromise settlement he applied to defendant agency for unemployment benefits. In this application for benefits he stated: “My last day of work was about May 10, 1962, for Shreveport Grain and Elevator Company.” He further stated he had settled his claim and was then able and available for work. Additionally, as noted from the opinion of the referee, this officer concluded plaintiff had “not returned to the employer seeking reemployment.” The employee clearly did not leave “his employment without good cause connected with his employment.” He left his employment because of injuries received on the job.
We have been cited to the case of Broussard v. Administrator, Division of Employment Security et al. (La.App. 1 Cir. 1962) 121 So.2d 268, a case factually similar, to the one .here under consideration. There the employer replaced or filled the employee’s position the day claimant was injured and consequently claimant knew it would be useless to contact his employer.
The court reversed the agency’s denial of unemployment compensation stating:
“ * * * the undisputed factual evidence shows that he left his employment because he was injured at work and his job was immediately filled by a new and replacing employee.”
However, the court went on to say that even if a claimant normally is under a duty to inquire of his employer whether his former job is still available to him upon his recovery from disability, it could not agree that such inquiry is a condition precedent to eligibility for unemployment benefits under the circumstances shown by the record, where the claimant’s former position had been filled by a replacing employee and where the employer had evidenced a pronounced hostility to the claimant, indicating that an application for reinstatement would be a vain and useless ceremony.
Referring to the Broussard case the same court, in a later decision, Turner v. Brown (La.App. 3 Cir. 1963) 155 So.2d 276, made this categorization in a footnote:
“A workman who quits his employment because of a disabling on-the-job injury is not disqualified for having left his employment without good cause connected therewith. Broussard v. Administrator, La.App. 1 Cir., 121 So.2d 268.”
Appellee contends that even though the employee had ceased working for Shreveport Grain and Elevator Company on May 10, 1962, because of his injury, his employment was not terminated within the purview of the statute until he refused or neglected to report back to his former employer after having settled his workmen’s compensation claim.on January 17, 1963. We fail to find any support for this argu *261 ment within the cited statute or our jurisprudence. We hold plaintiff left his employment on May 10, 1962, when he was unable to return to work because of his injuries, which termination was with good cause.
If there is any ambiguity in the act, it should be resolved in favor of the employee as the law is well settled that the statute should be interpreted liberally so as to extend its benefits as far as possible within the bounds imposed by the expressed legislative restrictions. See Sewell v. Sharp (La.App. 2 Cir. 1958) 102 So.2d 259.
For the reasons assigned, the judgment appealed from is annulled and set aside and the case is remanded to the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, for further proceedings in accordance with the views expressed herein.
Reversed and remanded.