FRUGÉ, Judge.
This is an appeal by Clifton Senegal from a judgment of the district court which denied his claim for unemployment compensation benefits on the grounds that his unemployment was due to a labor dispute.
Appellant, Clifton Senegal, applied for unemployment compensation benefits on January 12, 1965, but it was determined by the State of Louisiana, Division of Employment Security of the Department of Labor, that he was disqualified from benefits. The appellant appealed this decision of the agency and was granted an appeal before the appeal referee. Notice that his appeal would be heard was forwarded to appellant and the grounds for his disqualification from benefits were stated to be participating in a labor dispute. The appeal referee denied the appeal, holding that appellant’s “unemployment was caused by the labor dispute and it had not been shown that he did not participate in or was not interested in this labor dispute.” This decision of the appeal referee was subsequently affirmed by the State of Louisiana Board of Review for the Division ■of Employment Security. Appellant then sought a judicial review of this decision in the Fourteenth Judicial District Court. The matter was heard in the district court .and judgment was rendered in favor of appellant, annulling and setting aside the prior decision, thus ruling that appellant was entitled to unemployment compensation benefits, basing its decision on the fact that the notice forwarded to appellant set forth the alleged grounds for disqualification as that appellant “participated in a labor dispute” and the record was void that appellant had in any way whatsoever participated in said labor dispute.
Lake Charles Stevedores, appellee, filed •a motion for a new trial, which was grant<ed. The district court reversed its decision •and ordered the case remanded to the Board ■of Review for the Division of Employment .'Security for the purpose of enlarging the •allegation that appellant was “interested in the labor dispute.” Notice was sent to appellant that he was ineligible for unemployment compensation benefits because he was “unemployed because of participating in or interest in a labor dispute.” Another hearing was held before the appeal referee and appellant was deemed to have been “interested in a labor dispute,” The Board of Review considered the evidence and held that appellant was directly involved in a labor dispute. The appellant then again sought judicial review of this matter and the district court affirmed the decision of the Board of Review and so found that appellant was ineligible for unemployment compensation benefits because he was interested in the labor dispute.
Able counsel for appellant now alleges that the trial court erred in granting a new trial and remanding the matter back to the Board of Review for new evidence, and so permitting a new allegation to be made against the appellant. Thus causing a reversal of its original opinion and deciding the matter against appellant on the basis of this new allegation.
 With this first contention we cannot agree with appellant. LSA-R.S. 23 :- 1601(4) provides that a claimant whose unemployment is due to a labor dispute shall be disqualified from receipt of unemployment- compensation benefits for the duration of said dispute, provided that such disqualification shall not apply “if it is shown to the satisfaction of the administrator that he is not participating in or interested in the labor dispute which caused his unemployment.” When appellant filed his claim for unemployment compensation benefits, a determination was made taking into consideration the provisions of LSA-R.S. 23:1601(4) of the statute relative to disqualification in cases involving labor disputes. As appears from the Notice of Claim Determination (Tr. 13), both appellant’s “interest in and participating in” a labor dispute was set out. Obviously the referee failed in his initial Notice of Hearing (Tr. 16) to include interest in the *513 labor dispute as a ground for disqualification. However, the failure on the part of the referee should not and could not eliminate this issue from the case. The statute itself clearly provides that the disqualification for the duration of the labor dispute must be assessed unless appellant could show that he was neither participating in nor interested in such labor dispute. Since either interest in or participating in the labor dispute would bring about the disqualification, both must be negated to avoid the disqualification.
It is our opinion that the district court did not exceed its authority in remanding the case for a hearing with proper notice of the issues involved and in considering the question of appellant’s interest in the labor dispute which brought about his unemployment.
We do not interpret the opinions in King v. Brown, La.App. 2 Cir., 115 So.2d 405, and Johnson v. Brown, La.App. 3 Cir., 134 So.2d 388, to place such a strict limitation on procedure so as to disregard the proper application of the statutory provisions. The intent of these two cases was to prevent an issue of fact to be considered on appeal either by the referee, the Board or the court, of which issue of fact the parties did not have proper notice. The facts of this case are clear that appellant had proper and adequate notice that he was disqualified from unemployment compensation benefits because of R.S. 23:-1601(4) and this statute is clear that both participating in or interest in are grounds for disqualification.
The second assignment of error is that under the facts appellant should be entitled to unemployment compensation benefits for it was not proven that he participated in or was interested in the labor dispute.
The record reveals that Clifton Senegal was performing services for Lake Charles Stevedores, Inc. as a longshoreman. While he was not a member of the International Longshoremen’s Association, he could obtain no work with Lake Charles Stevedores, Inc. except through the Union hiring hall. All hiring by the employer was done through one of the three Locals of the International Longshoremen’s Association. It was the practice that the employer would notify the Union of the number of workers it needed and it was then the responsibility of the Union to provide these workers. If sufficient Union members were available to meet the requirements of the employer, extras were not hired. If there were not enough Union members available to meet the requirements of the employer, non-union members who were available were sent out on the job by the Union.
As a fee for the privilege of obtaining employment under the above arrangement, non-union members paid to the Union five cents on every dollar earned. This fee was collected by the process of having the employer issue two separate checks to the employee; one for his share of the wages and the other representing the contribution to the Union. All checks were distributed by the Union’s business agent.
On January 11, 1965, the Longshoremen’s Association called a strike which made it necessary that the employer completely cease operations. This strike lasted until March 6, 1965. During the period of the strike appellant made no effort to cross the picket line established by the striking Union. At no time during the period of the strike did he take part in any picketing.
While it is apparent that the major portion of appellant’s livelihood has been earned working for this employer, he did hold himself available for whatever employment he could obtain. He also testified that he was satisfied with the earnings he was receiving prior to the strike.
The district court was originally of the opinion that appellant was not “participating in the labor dispute.” This conclusion, we are of the opinion, is clearly borne out *514 by the record. Appellant wás not a member of the Union, apparently had no voice in Union deliberations, and received no benefits from the Union during the course of the strike. He did not take part in picketing, and, while it is true that he made no effort to cross the Union line, we find no difficulty in concluding that he was not required to do so, as no one will be required to do a vain and useless thing. Broussard v. Administrator, Division of Employment Sec., La.App., 121 So.2d 268; Napoleon v. Administrator, Division of Employment Sec., La.App., 166 So.2d 324. It is further obvious that the employer could not have hired the appellant when he crossed the picket line as there was no work available whatsoever during the strike.
Where an individual’s unemployment is due to a labor dispute, that individual is disqualified from benefits for the duration of that strike dispute unless it is shown that he is neither participating in nor interested in said dispute. LSA-R.S. 23:1601(4); Brown v. Brown, La.App., 158 So.2d 305.
While we believe the record clearly established that appellant was not participating in the Union dispute which caused his unemployment, a more serious question is presented as to whether he was interested in the labor dispute.
As it is apparent that the public in general is usually very interested in a labor dispute, the words “interested in” as used in R.S. 23:1601(4) must be interpreted in the light of the scope and intent of the Employment Security Law. It is our belief that the phrase “interested in” should be restricted to circumstances where the individual involved has a voice in the dispute. While it cannot be questioned that this particular party did receive some benefits (increased wages, better working conditions) as a result of the labor dispute between the International Longshoremen’s Association and Lake Charles Stevedores, Inc. the record also indicates that he had no voice in calling of the strike which caused his unemployment. The record further reveals that he was perfectly satisfied to continue working at the wages which prevailed prior to the strike. Unlike Union members who were unemployed as a result of this dispute, appellant received no strike benefits. Had he been able to obtain other employment during the strike, before the strike, or even after the strike, appellant testified that he would have accepted same. Not being a Union member, he was guaranteed no work on the waterfront but was only sent out on the job when there were not enough Union members available to fill the needs of the employer.
We believe the unemployment compensation benefits of the statute should be available to this appellant. Our courts have repeatedly held that this statute, being social, economic and remedial in nature, should be liberally construed in favor of awarding benefits except in those instances where disqualification is clearly necessitated; Robertson v. Brown, La.App., 139 So.2d 226; Sewell v. Sharp, La.App., 102 So.2d 259.
Appellee has cited numerous decisions from other states which hold that if a labor dispute affects hours, wages or working conditions of a claimant, then he is directly interested in the dispute and is therefore disqualified from obtaining benefits ; see 28 A.L.R.2d 289. However, since the Louisiana Employment Security Act comes within a class of social and economic legislation remedial in nature, it is our opinion said Act should be liberally interpreted.
For the foregoing reasons the judgment of the district court decreeing appellant, Clifton Senegal, as being “interested in the labor dispute” and so disqualified from the unemployment compensation benefits, is héreby reversed and there is judgment removing the disqualification assessed *515 against appellant as he was neither participating in nor interested in the labor dispute which caused his unemployment. We find the claimant-appellant to be entitled to unemplqyment compensation benefits for which he has made claim. The judgment appealed from is therefore annulled and set aside, and the case is remanded to the Board of Review for proceedings in accordance with our decision herein; costs of this appeal to be paid by appellee.
Reversed and remanded.