PICKETT, Judge.
The plaintiff, Thelma Mae George, filed this suit for a judicial review of the decision of the Louisiana Board of Review of the Division of Employment Security, which disqualified her for unemployment compensation benefits. The district court affirmed the decision of the Louisiana Board of Review. The plaintiff has appealed.
The issue is whether the appellant is disqualified to receive unemployment compensation benefits because she resigned “for personal reasons in no way connected with her employment.”, under LSA-R.S. 23:1601(1).
The record shows that the claimant, Thelma Mae George, had worked for Pitt Grill about two years as a dishwasher when her duties were changed to dishwasher and cook. She resigned on May 13, 1971, and filed a claim for unemployment compensation benefits, which was initially denied by the Agency on the grounds that she left her employment for personal reasons which were in no way connected with her employment. This ruling was upheld by the Appeals Referee, whose findings of fact and decision were adopted and affirmed by the Louisiana Board of Review of the Department of Employment Security. The findings of fact and the opinion of the Appeals Referee are as follows :
“When first employed, the claimant was hired as a dishwasher and her hours of work were from 11:00 p. m. to 7:00 a. m. from Monday through Friday. After two years of employment the claimant was changed to dishwasher and cook at a rate of pay of $1.35 per hour and her hours of work were still the same. The claimant resigned from her job giving one weeks notification that she was leaving. Prior to her resignation she had complained on one occasion to her employer due to her back bothering her. She had gone to a doctor but did not resign upon the advice of a doctor. She wanted to seek work as a housekeeper as the hours would be during the day, shorter hours, and the work would have been lighter. Due to having four children, the claimant was unable to rest properly during the day.
“R.S. 23:1601(1) provides that a claimant shall be disqualified for leaving employment without good cause connected with the employment. Such disqualifi *399 cation shall continue until such time as the claimant has returned to employment and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under non-disqualifying circumstances.
“There has been no violation of the original employer-employee hiring agreement regarding the work to be performed or hours of employment; The claimant also did not resign from her employment upon the advice of a physician. Therefore, it is determined that the claimant left her job for a personal reason which was in no way connected with her employment and a disqualification as assessed by the Agency was in order.”
The appellant testified that she was employed by Pitt Grill as a dishwasher and her hours were from 11:00 p. m. to 7:00 a. m. from Monday through Friday. After two years of employment, appellant’s duties were changed to cook and dishwasher, and her hours of work remained the same. The appellant contends that she was justified in resigning because her work hours were at night, and having four children, she was unable to get sufficient rest during the day. She wanted to secure work as a housekeeper, because the work would be during the day, the hours shorter, and the work would be lighter. The claimant also complained that she had back trouble which bothered her when she lifted heavy trays of dishes, which she was required to do. She had seen a doctor about her back, but she admitted that she did not resign on medical advice.
LSA-R.S. 23:1634 expressly provides that in the absence of an issue of fraud the judicial review of the findings of the Board of Review is limited to a determination of whether the findings of fact are supported by the evidence. Lacombe v. Sharp, La.App., 99 So.2d 387; Barber v. Lake Charles Pipe & Supply Co., La.App., 148 So.2d 326; Gardere v. Brown, La. App., 170 So.2d 758.
From our review of the record, we find there is ample evidence to support the findings of the Louisiana -Board of Review that the appellant left her employment for personal reasons, and not for “good cause connected with her employment.”
For the above and foregoing reasons, the judgment of the district court is affirmed.
Affirmed.