339 So.2d 410 (1976)
Doris D. SMITH
v.
Joseph R. GERACE, Administrator of the Division of Employment Security, Department of Labor, State of Louisiana.
No. 10859.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Rehearing Denied November 15, 1976.
Douglas H. Greenburg, Houma, for plaintiff and appellee.
Marion Weimer, James A. McGraw, Baton Rouge, for defendant and appellant.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
This is an appeal by the Administrator of the Department of Employment Security, Department of Labor, State of Louisiana, *411 from a judgment of the district court reversing the decision of the Louisiana Board of Review of the Department of Employment Security which denied the claimant's appeal from a determination by the Department of Employment Security that under LSA-R.S. 23:1602(2) the claimant was "unavailable for work," and consequently, not entitled to unemployment benefits. The effect of the district court's decision is to allow the claimant unemployment benefits as provided by law.
This case arises out of a claim for unemployment compensation benefits filed by Doris D. Smith, the claimant. The claimant worked approximately three years for Wilson's Distributors in the City of Houma, Parish of Terrebonne, State of Louisiana, prior to the occurrence of the circumstances out of which her claim arose. She worked as a clerk, earning $2.15 an hour and worked a 35-hour week. She last worked on or about June 8 or 9, 1974. She took a leave of absence to take care of her two little children and for medical reasons. After approval of her leave of absence, the Department of Rehabilitation informed the claimant that it was feasible for her to attend summer classes at Nicholls State University and that the Department of Education would pay for the education. The claimant then began attending classes. She attended classes from 8:00 a.m. to 12:00 noon, five days each week. Because of her financial condition, it was necessary for her to bring her two little children to school, where they would more or less look out for themselves or be looked after by an acquaintance while the claimant attended class. Thereafter, when the claimant attempted to resume her employment with Wilson's Distributors, she was advised that her employment had been terminated, effective June 10, 1974.
The local agency of the Department of Employment Security ruled that the claimant was ineligible to receive unemployment compensation on the grounds that she had been discharged for misconduct in connection with her employment. The record discloses that there was no foundation whatever for disallowing the claimant's claim for benefits based on misconduct. The employer never appeared at the hearing, or offered any evidence to substantiate a charge of misconduct. On this question the Appeals Referee ruled: "The facts in this case do not show that the claimant at the time of applying for a leave of absence gave her employer a false statement. Under these circumstances, there can be no support of the Agency's finding that the claimant was discharged for misconduct in connection with her employment." This is not an issue before us.
Then, an appeal was filed by the Department of Employment Security, which, after a second hearing before the Appeals Referee, resulted in a determination that the claimant was not available for employment in accordance with LSA-R.S. 23:1602(2).
Subsequently, the claimant appealed this determination to the Board of Review, which affirmed the ruling of the Appeals Referee. Thereafter, the claimant brought suit in the district court to overturn the administrative rulings which had denied her compensation benefits. The hearing before the district court resulted in a favorable ruling to the claimant, which is the ruling now before this Court on appeal.
The Department contends that under LSA-R.S. 23:1602(2) the claimant was "unavailable for work", and consequently, should be denied benefits.
LSA-R.S. 23:1602(2) provides:
"(2) An individual, except as provided in Subsection (1) of this section, will be deemed unavailable for work in any week in which it is found that the individual is attending a regularly established school, college, university, hospital, or training school (excluding, however, night school or part-time training courses, vocational technical schools and apprenticeship classes), or is in any vacation period intervening between regular school terms during which he is a student of any such regularly established educational institution, hospital, or training school. However, these provisions do not apply to any individual who, subsequent to his enrollment *412 in and while attending a regularly established school, has been regularly employed and upon becoming unemployed makes an effort to secure work and holds himself available for suitable work with his last employer, or holds himself available for any other employment deemed suitable. If it is found that any individual received benefits who was not eligible therefor by reason of having resumed the status of a student at the end of a vacation period, such individual will be liable to repay a sum equal to the benefits thus received."
The Department's position is that during the time the claimant sought benefits she was a full-time student in college; and, being a college student without "a history of work experience while attending school," she is not entitled to unemployment compensation benefits. The Department stresses the first portion of the provision.
The claimant's position is that she was still regularly employed when she began attending college and had held, and still holds, herself available for suitable employment. The claimant stresses the exclusionary portion of the provision.
The facts show, and it was so found by the administrative tribunal, that the claimant was employed by Wilson's, though on leave of absence, at the time she began regularly attending school, and subsequent to her attending school.[1] No one has questioned this claimant's willingness to work, and it is apparent that she is willing to work and considers herself available for any suitable employment.
Thus, we have no quarrel with the case of Barber v. Lake Charles Pipe and Supply Company, 148 So.2d 326 (La.App. 3rd Cir. 1962), in its holding that administrative determinations of fact are conclusive ". . . unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious." However, in our opinion, under the evidence at the administrative hearing, the agency's determination that the claimant is "unavailable for work" is not a finding of fact supported by sufficient evidence which is conclusive upon the courts in a judicial review of the agency's actions. See Broussard v. Administrator, Division of Employment Security, 121 So.2d 268, 270 (La.App. 1st Cir. 1960).
In resolving the question of whether the claimant was regularly employed while on leave of absence, we find the case of South Central Bell Tel. Co. v. Administrator, Division of Employment Security, 247 So.2d 615, 617 (La.App. 3rd Cir. 1971), writ ref. 259 La. 78, 249 So.2d 210 (1971), has decided a similar question favorable to the claimant.
South Central Bell is a case in which the claimant raised a leave of absence as a defense to the employer's attempt to disqualify her on the grounds of voluntarily quitting her job as a telephone operator. The court interpreted "leave of absence" as meaning that "the employee is given permission to be absent from work for a certain time at the end of which the employee will return to his employment status." The court then held that "where there is a leave of absence mutually agreed upon by the employer and the employee, the employee does not voluntarily quit his job." Under this rationale, the claimant in the instant case did not voluntarily quit her employment with Wilson's. She was terminated through no fault of her own on June 10, 1974 by Wilson's, her employer, when the employer so notified her in writing.
Since the claimant started attending school regularly on June 5, 1974, and was regularly employed at least until June 10, 1974, we can come to no other conclusion but that she is entitled to recover benefits under LSA-R.S. 23:1602(2). The claimant comes within the exclusionary portion of this provision: ". . . (T)hese provisions do not apply to any individual who, *413 subsequent to his enrollment in and while attending a regularly established school, has been regularly employed and upon becoming unemployed makes an effort to secure work and holds himself available for suitable work . . .."
We feel, as we did in Hale v. Gerace, 324 So.2d 558, 561 (La.App. 1st Cir. 1975), writ ref. 326 So.2d 344 (La.1976), "`. . . that the Louisiana Employment Act is within the class of social and economic legislation which should be interpreted so as to extend its benefits as far as possible within the bounds imposed by the expressed legislative restriction,'" citing Lambert v. Brown, 169 So.2d 4, 6 (La.App. 2nd Cir. 1964). We adhere to the principle that the Louisiana Employment Act is to be construed liberally in favor of the unemployed worker, Southern Hardware and Lumber Company v. Vesich, 250 So.2d 780, 784 (La. App. 4th Cir. 1971). A liberal construction in this case requires us to find that the claimant herein is entitled to unemployment benefits, as did the district court.
The claimant has also asked us to fix attorney's fees for her counsel in this case. The administrator must in the first instance approve attorney's fees; LSA-R.S. 23:1692; Broussard v. Administrator, Division of Employment Security, supra, 121 So.2d at 271.
Accordingly, we affirm the judgment of the district court awarding full unemployment benefits to the claimant as provided by law, and remand to the Board of Review for the purpose of fixing the amount of said benefits and the approval of the amount of the attorney's fees.
Appellant is cast for all costs for which it is legally liable.
AFFIRMED AND REMANDED TO THE BOARD OF REVIEW.
NOTES
[1] This finding was made by the appeals referee on October 15, 1974, which finding was not a part of the transcript filed by the Department of Employment Security but was filed in the record by appellee on December 3, 1974. While this filing was not in accord with the statute, the Department has agreed that we can consider this finding a part of the record.