GARRISON, Judge.
This is an appeal from a judgment of the district court affirming the decision of the Board of Review to grant plaintiff unemployment compensation benefits and remanding the case for the purpose of fixing the amount of payment and attorney’s fees. From that judgment, which we affirm, the University of New Orleans (UNO) appeals.
Plaintiff was denied unemployment benefits. Plaintiff appealed the denial and on April 7, 1981, a hearing was held and the appeal affirmed. This affirmation was then affirmed by the Board of Review. Plaintiff applied for judicial review and on October 16, 1981, the Civil District Court remanded the matter to the Board of Review for the purpose of taking additional medical evidence. The Board of Review, after a hearing held on November 2, 1981, reversed its prior decision and rendered its decision on January 27, 1982, granting plaintiff unemployment benefits. The Civil District Court, in its judgment dated March 9, 1982, affirmed the decision of the Board of Review and remanded the case for the purpose of fixing the amount of benefits and amount of attorney’s fees. It is from this March 9 judgment that UNO appeals.
On appeal, UNO alleges that there is insufficient evidence to support the decision of the Board of Review, a fortiori there is insufficient evidence to support the decision of the district court.
Rosemary Bridges suffers from Lupoid Hepatitis. Lupoid Hepatitis can go into remission with the aid of medication, but will “flare up” due to stress. At the time that Mrs. Bridges was hired, her employer was aware of the existence of her disease. Mrs. Bridges worked for UNO for six months. In October, 1982, at the end of that period, UNO had the right to terminate her, transfer her from probationary to permanent status, or extend her probation. On October 10,1980, her supervisor, Norton Nelkin, recommended that probationary status be extended via a letter to the Director of Personnel. Because Mrs. Bridges had received no indication that Nelkin was dissatisfied with her work, the letter apparently caused plaintiff to become greatly distressed and, in response thereto, she wrote a letter to the Director of Personnel Services, dated November 6, 1980. Plaintiff testified that from that time on, Norton *220 Nelkin refused to speak to her, slammed her work upon the desk and otherwise acted in an erratic, adolescent manner.
On November 10, 1980, Mrs. Bridges was hospitalized for a “flare up” of Lupoid Hepatitis, which “flare up” was stress induced. Nelkin told Mrs. Bridges that the Philosophy Department could not function without a secretary and that they could not hire one until she resigned. He then mailed her the forms to complete so that she would have resigned effective November 10, 1980.
Mrs. Bridges had been employed with the Louisiana State Board of Medical Examiners when she was diagnosed as having the disease. While at the Board, she received excellent employee evaluations. Upon learning about her condition, Mrs. Bridges decided that she wanted to work closer to her Lakeview home and applied for the job with UNO.
At the hearing on November 2,1981, plaintiff introduced medical statements from James O. Lilly, M.D. and Jack Wax-man, M.D., verifying Mrs. Bridges’s condition. Additionally, Mrs. Bridges testified. Defendant did not produce any witnesses to testify against Mrs. Bridges. UNO now complains that they could not “cross-examine” a medical report, but the reports were admitted without objection. Inasmuch as defendant failed to refute plaintiff’s evidence at the time of the hearing, it cannot now be heard to complain of its own omission.
The findings of the Board of Review of the Department of Employment Security are conclusive unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. Smith v. Gerace, 339 So.2d 410 (La.App. 1st Cir.1976). We find that the decision of the Board of Review is amply supported by the evidence.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
REDMANN, C.J., dissenting.