BYRNES, Judge.
The Orleans Parish School Board (School Board) appeals the trial court’s judgment qualifying claimant Arthemise Anderson for unemployment compensation benefits when she was not allowed to work for two months during the summer of 1986. We affirm.
Originally employed as a teacher by the School Board from 1962-1974, Ms. Anderson was then employed as an assessment consultant from 1974-1980. She was transferred to the Department of Support and Appraisal Services where she has been employed from 1980 until the present. Although she had been hired as a ten month employee, she was always offered extended work each summer. She chose to work during the summer of 1985, but did not work during the summer of 1984. The 1985-86 school year ended on June 6, 1986. The claimant continued working through June 30, 1986.
Claimant was issued a letter from her employer advising her that her position had been budgeted through the end of the 1985-86 fiscal year but as of June 30, 1986, there was no further employment available for her at that point. A letter dated May 13, 1986 advised claimant that she would have continued employment for the fall semester. However, claimant stated she was uncertain of the date but that she thought she received this letter in July, 1986 after the school year ended. The claimant filed a claim for unemployment insurance benefits effective July 13, 1986.
On July 28, 1986, the Office of Employment Security mailed a Notice of Claim Determination to claimant stating that she was not disqualified from receiving benefits under LSA-R.S. 23:1600(6). The Appeals Referee, as well as the Review Board of the Office of Employment Security, and the Civil District Court affirmed that determination on appeal. The School Board now appeals the district court’s judgment.
The issue presented on appeal is whether the claimant is entitled to unemployment compensation benefits under the provisions of LSA-R.S. 23:1600(6)(a). In 1986 this statute provided in part:
(6)(a) Benefits based on service in employment defined in R.S. 23:1472(12)(F)(I) and (I) shall be payable in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other services subject to this Act; except that:
(i) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for any educational institution, including institutions of higher education and local public school systems, benefits shall not be paid based on such service for any week of unemployment commencing during the period between two successive academic years, or during a *991 similar period between two regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual’s contract, to any individual if such individual performs such services in the first of such academic years (or terms) and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.
(ii) With respect to services performed in any other capacity for an educational institution, benefits shall not be paid to any individual on the basis of such services for any week which commences ■during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a letter of assurance that such individual will perform such services in the second of such academic years or terms, except that if compensation is denied to any individual under this Subparagraph and such individual will not be offered an opportunity to perform such services for the educational institution for the second of such academic years or terms, such individual shall be entitled to a retroactive payment of compensation for each week for which the individual filed a timely claim for compensation and for which compensation was denied solely by reason of this clause.
Under the above provisions, benefits will be denied if there is “reasonable assurance” that the individual will perform services in the succeeding academic year or term.
The School Board argues that the claimant was hired only as a ten month employee who was only not allowed to work during the summer months. Because she was never hired as a twelve month employee, the School Board claims it has no obligation to allow her to work during the summer months. The School Board noted that claimant worked in the summer of 1985 but did not work the summer before. The School Board asserts that the claimant was unsure when she received the letter dated May 13, 1986, which stated that she would be allowed to return for the next school year. However, the Board contends that that letter was dated prior to the letter issued June 30, 1986. Also, the School Board avers that claimant testified that she never had any doubt that she would have employment at the beginning of the new school year. Further, claimant did return to work in August, 1986, at the beginning of the next school year. The School Board contends that the claimant received a letter assuring her employment, that she never thought that she would not have a job the next school year, and she stated that she only filed a claim because she was told she could. Therefore, the School Board argues that the claimant had an “expectation of continued employment” and was ineligible for unemployment compensation payments when LSA-R.S. 23:1600(6)(a).
In the Findings of Fact, the Appeals Referee’s decision stated that, “the employer [School Board] maintained that her job was budgeted this year only through the 1985-1986 fiscal year because of budgetary problems. Since the claimant’s separation June 30, 1986 she was notified of additional employment that will be available for her during the 86-87 school year.” The Referee opined that, “A review of the facts, evidence, and testimony presented lead to a conclusion that the claimant was of June 30, 1986, placed in a lay-off status from her normal regular employment.” Thereafter, the trial court’s oral reasons for judgment declared that “the Office of Employment Security did not make a mistake in the conclusion of law based upon the facts that were sui gener[i]s in this case.”
Findings of the Board of Review of the Department of Employment Security are conclusive unless wholly without evidential support or in the absence of fraud. R.S. 23:1634; Cox v. Lockwood, 373 So.2d 246, 247 (La.App. 4th Cir.1979). The Employment Security Law is remedial in nature and should be construed liberally in favor of extending rather than restricting benefits. Smith v. Gerace, 339 So.2d 410 (La.App. 1st Cir.1976);. Craighead v. Ad *992 ministrator, Dept. of Employment Sec. of State of La., 420 So.2d 688, 689 (La.App. 2nd Cir.1982), writ denied, 422 So.2d 154 (1982). Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. Esco, 549 So.2d 840 (La.1989). A question of fact is presented as to whether the claimant had assurance of her employment in the fall term.
We find that claimant was not assured of employment for the succeeding academic year in the letter informing her that no further employment was available as of June 30, 1986. Claimant testified that she did not receive written assurance of further employment until after June 30. Where teachers were informed that due to lack of funds, their teaching responsibilities would terminate on an earlier date in June, the three-week period was considered a period of unemployment providing compensation benefits in Chicago Teachers Union v. Johnson, 639 F.2d 353 (C.A. 7 Cir.1980). That federal court found that benefits were not excluded as between two successive academic years, noting that “the reasonable expectation of teachers of continuous employment was frustrated because funds ran out.” Chicago Teachers Union, supra, 639 F.2d at 357. See also Marcel Brooks v. Orleans Parish School Bd., 550 So.2d 1267 (La.App. 4th Cir.), writ denied, 553 So.2d 466 (La.1989). Although in the instant case, the claimant later returned to work in August, 1986, she was notified that she would be unable to work after June 30 as she had in the past because of lack of funds. We cannot find that the trial court was manifestly erroneous in determing that on June 30, 1986 the claimant did not have reasonable assurance that she would return to work in the next academic term. We conclude that without assurance of further employment, the claimant was eligible for unemployment compensation benefits for the period of time in the summer of 1986 when she was unable to work due to the unilateral action of the School Board to reduce her employment time because of bugetary constraints.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.