169 So.2d 4 (1964)
Barbara A. LAMBERT, Plaintiff-Appellee,
v.
Richard E. BROWN, Administrator, Division of Employment Security, Department of Labor, State of Louisiana and Remington Rand, Inc., Defendants-Appellants.
No. 10239.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1964.
Rehearing Denied December 1, 1964.
*5 Marion Weimer, Melvin L. Bellar, and James A. Piper, Baton Rouge, for appellants.
Henry G. Hobbs, Minden, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff, having terminated her employment with Remington Rand, Inc., applied for unemployment benefits with defendant agency. The local office of the Division of Employment Security ruled plaintiff ineligible for benefits because the wages paid during the base period of her claim did not equal thirty times her weekly benefit amount as required by LSA-R.S. 23:1600(5). Her ineligibility was affirmed by the Appeals Referee and the Board of Review. She appealed to the district court which reversed the ruling of the Board of Review and declared plaintiff eligible for unemployment benefits from which judgment defendant administrator appeals.
There is no dispute as to the facts. Claimant was employed until April 2, 1963, when she terminated her employment for reasons not material to this case. She filed a claim for unemployment benefits on July 2, 1963. The reason for the disqualification was that the sum of $93.08, which had been earned by plaintiff for work performed during the week ending March 31, 1963, was not actually paid to her and reported until the second quarter of 1963. If plaintiff can receive credit for this sum, which was earned by her during the base period but not received until the second quarter, it is conceded she is entitled to draw benefits.
LSA-Revised Statutes 23:1600(5) provides as follows:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
* * * * * *
"(5) He has during his base period been paid wages for insured work equal to not less than thirty times his weekly benefit amount. For the purposes of this subsection, wages shall be counted as `wages for insured work' for benefit purposes with respect to any benefit year only if such benefit year begins subsequent to the date on which the employing unit, by which such wages were paid, became an employer within the meaning of any provision of this Chapter."
Appellee contends the wages earned by her should have been considered as paid even though she did not receive them until the following week. Cited as authority for this argument is LSA-Revised Statute 23:1598, which provides:
"For the purposes of this Part the administrator shall, in determining benefit rights of a claimant, treat wages earned as wages paid, although they remain unpaid through the failure of the employer to make payment in accordance with his contract, regular practice, or custom."
We construe the above statute to mean that, in determining the benefit rights of any claimant, wages earned shall be considered as wages paid even though the employer, through custom, contract or regular practice fails to pay the wages until the *6 following week. Any other construction of the cited sections would be inconsistent with the well-established Louisiana rule that the Louisiana Employment Act is within the class of social and economic legislation which should be interpreted so as to extend its benefits as far as possible within the bounds imposed by the expressed legislative restriction.
For the reasons assigned, the judgment appealed from is affirmed and appellant is cast with whatever costs it is legally obligated to pay.
Affirmed.