HALL, Judge.
Mrs. Marjorie L. Blancher was employed as a canvasser in the City of New Orleans by R. L. Polk & Company of Richmond, Virginia from November 6, 1961 to June 26, 1962 when her employer completed its New Orleans canvass and her employment terminated. She filed a claim for unemployment benefits under the Louisiana Employment Security Law on July 11, 1962.
Her claim was originally denied by the New Orleans Local Office of the Division of Employment Security. She then appealed to the Appeals Referee who reversed the original decision, but on further appeal by the defendant Administrator, the Louisiana Board of Review reversed the Appeals Referee, reinstated the original decree, and held Mrs. Blancher ineligible for unemployment benefits on the ground that her earnings during her “base period” were insufficient monetarily to qualify her.
Mrs. Blancher thereupon brought these proceedings in the Civil District Court for the Parish of Orleans for judicial review of the decision of the Board of Review. Judgment was rendered by the District Court reversing the decision of the Board of Review and decreeing Mrs. Blancher eligible for benefits. The defendant Administrator prosecutes this appeal from that judgment.
None of the facts arc in dispute. It is agreed that under the provisions of LSA-R.S. 23:1472(4) the “base period” applicable to this claim is tire one-year period commencing April 1,1961 and ending March 31, 1962; that Mrs. Blancher’s “weekly benefit amount” is $29.00; and that in order for her to be eligible for benefits under the provisions of LSA-R.S. 23:1600 (5) she must have been paid total wages of not less than $870.00 during the base period.
The Board of Review determined that the total wages paid Mrs. Blancher during the base period were $859.00 or less than the required amount for eligibility. The record shows, and it is agreed, that Mrs. Blancher earned $923.33 during the base period, but that her wages for the week ending March 31, 1962 in the amount of $63.91 were not actually paid until April 4, 1962, four days beyond the base period.
The defendant Administrator contends that the wages for the week ending March 31, 1962 cannot be allocated to the base period since they were not actually paid during that period. The claimant contends that they should be included in the base period since they were earned during that period. If the wages for the week ending March 31st are allocated to the base period Mrs. Blancher is eligible for benefits; otherwise she is ineligible.
The determination of this issue involves an interpretation of LSA-R.S. 23:1598 which provides as follows:
“§ 1598. Wages earned but unpaid as basis for benefits payable
“For the purposes of this Part the administrator shall, in determining *687 benefit rights of a claimant, treat wages earned as wages paid, although they remain unpaid through the failure of the employer to make payment in accordance with his contract, regular practice, or custom.”
The defendant Administrator construes this section to mean that wages earned shall be treated as wages paid if their nonpayment is due to the employer’s failure to make payment in accordance with his contract, regular practice, or custom; but if the earned wages remain unpaid because the time for payment thereof under the contract, regular practice, or custom has not yet arrived they are not to be treated as wages paid. He further contends that unpaid wages cannot be treated as wages paid on any date prior to that on which such wages would be payable in accordance with the regular practice of the employer; and since the employer’s practice in this case was to make payment the week following the week in which the wages were earned, Mrs. Blancher’s earnings for the week ended March 31, 1962 cannot be held under § 1598 to have been paid during the base period ending March 31st.
We are of the opinion that the declaration in § 1598 that wages earned shall be treated as wages paid is not limited by the “although” clause which follows it, but is, on the contrary, emphasized thereby. Webster’s New International Dictionary, Second Edition (1938) defines the word “although” as follows:
“Granting or supposing that; be it that; even if; in spite of the fact that; notwithstanding that.”
As we construe the section it means that wages earned shall be treated as wages paid even if the employer through custom, contract or regular practice fails to pay them on the date earned. The Administrator’s construction of the statute would be inconsistent with the often expressed rule that the Employment Security Act is social and economic legislation of remedial nature and should be liberally construed to extend benefits as far as possible, limited only by express legislative restrictions.
We note that in an altogether similar situation the Second Circuit came to the same conclusion. See Lambert v. Brown, Administrator, La.App., 169 So.2d 4, decided October 30, 1964.
For the foregoing reasons the judgment appealed from is affirmed, and appellant is cast with whatever costs it is legally obligated to pay.
Affirmed.