324 So.2d 558 (1975)
Johnson L. HALE, Sr.
v.
Joseph F. GERACE, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana.
No. 10481.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Rehearing Denied January 12, 1976.
Writ Refused February 17, 1976.
*559 Marion Weimer, Baton Rouge, for appellant.
Douglas H. Greenburg, Houma, for appellee.
Before LANDRY, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge.
This proceeding was filed in the district court to review the decision of the Department of Employment Security which reduced the weekly benefits of unemployment compensation to the claimant, Johnson L. Hale, Sr. The said claimant-plaintiff was retired from Dresser Industries, Inc., his employer, upon his reaching the mandatory retirement age of 65 years on April 1, 1974. During his employment the claimant voluntarily contributed the sum of $6,100.32 to the Dresser pension plan. Since April 1, 1974, the claimant has received, pursuant to the pension plan, a monthly sum of $305.44, and will continue to receive that amount as long as he lives. Under the plan, the contribution made by the claimant for the first three years of retirement is excluded from taxation at the time of its receipt by the claimant.
Following his retirement the plaintiff made application for unemployment compensation. The local agency first determined that he was entitled to receive compensation in the amount of $2,240.00 payable at the rate of $80.00 per week for the calendar year of September 1, 1974, through August 1, 1975. However, by notice of claim determination dated October 11, 1974, his weekly benefits were reduced by $70.25 per week. The claimant appealed from this determination to the Appeals Referee who upheld the Department in his decision of November 13, 1974, ordering that the determination of the Agency reducing claimant's weekly benefits by "... $70.00 (sic) per week be affirmed."[1]
Subsequently, the plaintiff appealed to the Board of Review, which affirmed the previous determination by its decision of February 14, 1975. Having exhausted his administrative remedies, the plaintiff filed suit in district court to review the decision of the Department of Employment Security. After a hearing based on the facts found administratively, the district court concluded that the Board of Review had committed an error of law in affirming the determination of the Department of Employment Security reducing the claimant's weekly unemployment benefits; said court *560 reversed that decision by its judgment dated May 28, 1975. The Department has appealed from this judgment.
On appeal, the Department contends, as it has throughout these administrative and judicial proceedings, that the plaintiff's weekly unemployment benefits must be reduced by the amount he receives from his pension because LSA-R.S. 23:1601(7)(cd) provides for a disqualification or reduction for any week during which the claimant receives remuneration in the form of payments under any private retirement or pension plan toward the cost of which the employer has contributed. The claimant's position likewise has been consistent throughout, and it is that under the terms of his particular pension plan he only receives a reimbursement of his own money until all of the money which he contributed to the pension plan has been returned to him; hence plaintiff contends that LSA-R.S. 23:1601(7)(cd) is inapplicable to his current situation.
As we review the matter, the broad purpose of the unemployment law (Louisiana Employment Security Law) is to provide a measure of economic security to workers who are unemployed merely because there are not enough jobs to go around; LSA-R.S. 23:1471; National Gypsum Co. v. Administrator, Dept. of Emp. S., 313 So.2d 230, 232 (La.1975); Parkerson, Unemployment Compensation in Louisiana (Comment), 19 La.L.Rev. 448, 454 (1959); 56 A.L.R.3d 520 (1974). In the National Gypsum Co. case, supra, the court, after setting forth this state's declared public policy as a guide for interpreting the unemployment compensation law, said:
"Thus unemployment compensation is not paid primarily to reward the employee not to punish the employer, but rather to protect the stability of the state and of the family, by relieving the family distress and the menace to the public welfare occasioned through unemployment of individual workers."
To accomplish this avowed purpose, this state has included in its law various disqualification grounds; LSA-R.S. 23:1601. These disqualification grounds are intended to insure that unemployment compensation benefits will be received only by workers who are unemployed primarily because of economic causes. Stated another way, the purpose of the disqualification provisions are "to make sure that compensation is not paid to those who choose not to work, that the compensation law does not encourage idleness, and that it does not weaken the willingness of the individual to provide for himself through employment." Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349, 351 (1964).
LSA-R.S. 23:1601, as amended, sets out the grounds for which a claimant is disqualified for benefits, and the apposite provision reads as follows:
"An individual shall be disqualified for benefits: . . .
"(7) For any week with respect to which his is receiving or has received remuneration in the form of: . . .
"(c) Payments under any private retirement or pension plan, system or policy toward the cost of which a base period employer is contributing or has contributed on behalf of the individual;. . ."
In view of the sound public policy of the law designed to provide some measure of economic security to unemployed workers, we think the more reasonable interpretation of the private pension plan remuneration disqualification is that this disqualification takes effect only after the claimant has been reimbursed for the money which he has put in the pension plan. In the instant case, the employer did not contribute any part of the money the *561 claimant is presently receiving from the plan; the money that he is now receiving is his own money. Until such time as he has completely withdrawn his own funds set aside in the pension plan, the employer cannot be said to have contributed any money to the remuneration received by him. In other words, until the claimant has been repaid all of the money which he himself contributed to the pension plan, it cannot be said that he is receiving "... remuneration in the form of... payments under any private retirement or pension plan, system or policy toward the cost of which a base period employer is contributing or has contributed on behalf of the individual."
We believe that:
"Any other construction of the cited sections would be inconsistent with the well-established Louisiana rule that the Louisiana Employment Act is within the class of social and economic legislation which should be interpreted so as to extend its benefits as far as possible within the bounds imposed by the expressed legislative restriction," Lambert v. Brown, 169 So.2d 4, 6 (La.App.2nd Cir. 1964).
That is to say:
"(T)he provisions of this statute are to be construed liberally in favor of the unemployed worker." Southern Hardware and Lumber Company v. Vesich, 250 So.2d 780, 784 (La.App.4th Cir. 1971).
We are of the opinion that the interpretation of the Louisiana Employment Security Law advocated by the Department goes against the grain of the broad purpose of this law and is contrary to the liberal construction rule that is an integral part thereof.
We thus agree with the claimant's position and the conclusion of the district court that the disqualification provision of LSA-R.S. 23:1601(7)(c) is not applicable to the plaintiff herein, because the employer did not contribute any part of the remuneration which the claimant is now receiving.
As our learned brother below aptly stated in his excellent Reasons for Judgment:
"At this stage of retirement, Dresser has not contributed a penny toward the cost of a pension plan from which Mr. Hale is receiving any benefits. For that reason this court does not believe Mr. Hale should be deprived of unemployment benefits solely because at some later time he will be paid benefits from a retirement or pension plan the cost of which was paid by contributions from his base employer.
"This court does not believe the legislature intended by this provision to treat pensioners differently, that is to penalize a pensioner drawing his own money out of a plan and thereby treating him the same as a pensioner who has contributed nothing to his pension plan and is drawing benefits created by contributions of his employer."
"This court knows of no reason why Mr. Hale's disqualification is clearly necessitated, and none has been pointed out to it. To the contrary, convincing argument and compelling reasons dictate that the statute is not applicable in a situation where claimant is only receiving in retirement his own money."
The judgment of the district court is affirmed.
Affirmed.
NOTES
[1] The applicable statute provides that benefits are computed in multiples of one dollar; LSA-R.S. 23:1593; hence, the "rounding off" from $70.25 to $70.00.