WATSON, Judge.
The issue is whether a retired employee who received a lump sum settlement of his rights to a pension fund to which both he and the employer had contributed is disqualified for unemployment compensation' benefits under the terms of LSA-R.S. 23:1601(7)(c) [1], which provides essentially that a person may not collect unemployment compensation for a week when he is receiving or has received payments under a pension plan to which his employer has contributed.
The employee, Gaddie Scroggins, retired and chose to take his pension in a lump sum of $55,951.87 instead of under various monthly options. Scroggins had contributed $4,844.22 to the retirement fund. Tennessee Gas Pipeline Company, Scroggins’ former employer, contends that he is not entitled to unemployment compensation because of the pension payment, although he is otherwise eligible.
Defendant, Administrator, Department of Employment Security of the State of Louisiana, through hearings and appeals as provided by statute, concluded that Scrog-gins was disqualified for unemployment benefits only during the week in which he received the lump sum payment. In reaching the decision the board of review of the department applied the department’s policy of not prorating a lump sum payment. The case of Hale v. Gerace, 324 So.2d 558 (La. App. 1 Cir. 1976), writ denied, La., 326 So.2d 344, was cited as authority.
The matter was appealed to the Tenth Judicial District Court and the decision of the board of review was affirmed by the trial court.
Our review is limited to questions of law. LSA-R.S. 23:1634.
The question is whether Scroggins is considered to have received remuneration for any week other than the one in which he took the lump sum payment. The statute does not require or forbid proration; the department has declined to prorate, as a matter of policy. This appears to be a legislative problem. The statutes governing payments of unemployment compensation benefits are to be liberally construed in favor of the employee, Lambert v. Brown, 169 So.2d 4 (La.App. 2 Cir. 1964), and Southern Hardware and Lumber Company v. Vesich, 250 So.2d 780 (La.App. 4 Cir. 1971).
“The Louisiana Employment Security law is remedial social legislation. It is to be construed liberally and in the interest of the statute’s beneficiaries.” In Matter Of The Claims Of Parker, et al., v. Gerace, et al., 354 So.2d 1022 at 1025 (La., 1978).
The Department of Employment Security has not exceeded its authority by declining to prorate.
The judgment of the trial court and the judgment of the Board of Review of the Louisiana Division of Employment Security are affirmed. Costs of these proceedings on appeal are taxed against appellant, Tennessee Gas Pipeline Company.
AFFIRMED.

. LSA-R.S. 23:1601(7)(c):
“(7) For any week with respect to which he is receiving or has received remuneration in the form of:
* * * * * *
“(c) payments under any retirement or pension plan, system or policy provided by a private employer or the state of Louisiana and any of its instrumentalities or political subdivisions, and towards the cost of which a base period employer is contributing or has contributed on behalf of the individual.”