DENNIS, Justice.
In this case we are called upon the determine whether a lump sum payment of lifetime benefits under a retirement or pension plan disqualifies a retiree for unemployment compensation benefits for any period of time other than the week in which the lump sum is paid.
*991 Relator, Tennessee Gas Pipeline Company, employed Gaddie Scroggins for twenty-eight years at its plant in Natchitoches, Louisiana. The company provides a retirement benefits program for its employees which Scroggins joined in 1948. Initially, both he and the company made payments into the retirement fund.[1] However, after 1969 the company made 100% of the contributions on behalf of Scroggins.
Scroggins retired from his employment with the company July 1, 1975 upon attaining the mandatory retirement age. The retirement plan provided several options regarding the time and method of payment of benefits. The basic option available to Scroggins was a monthly payment of $438.25 for the rest of his life or, in the event of his death within ten (10) years, to his named beneficiary for the balance of the ten year period. However, Scroggins elected the option of receiving a lump sum cash payment of $55,951.87 which was paid to him in January, 1976.
Shortly after his retirement Scroggins filed a claim for unemployment compensation with the Department of Employment Security. The company opposed his claim, contending that Scroggins was disqualified for benefits because of the retirement payment he had received. The Department, after hearings and appeal as provided by statute, La.R.S. 23:1624-31, concluded that Scroggins was not disqualified for unemployment benefits except for the one week in which he received the lump sum payment.
Thereafter relator sought judicial review of the administrative decision pursuant to La.R.S. 23:1634. The district court upheld the agency’s decision and on appeal the intermediate court affirmed its judgment. Tennessee Gas Pipeline Company v. Administrator, Dept. of Employment Security, 356 So.2d 114 (La.App. 3d Cir. 1978). We granted certiorari to determine whether the court of appeal correctly interpreted the law by holding that the lump sum payment was remuneration from a retirement plan which was paid only with respect to the one' week in which it was actually received by Scroggins.
At the time the controversy arose, La. R.S. 23:1601(7)(c) provided:[2]
“An individual shall be disqualified for benefits:
“(7) For any week with respect to which he is receiving or has received remuneration in the form of:
U * * *
“(c) Payments under any private retirement or pension plan, system or policy toward the cost of which a base period employer is contributing or has contributed on behalf of the individual.”
Prior to claimant’s retirement, relator sent claimant a letter outlining his options under the company’s retirement income plan which stated in pertinent part:
“Your estimated normal benefit under the Retirement Income Plan, that is, the benefit that you would automatically receive if you did not elect, before .retirement, to choose another method, is monthly income payments of $438.25 which are guaranteed for ten years certain and life thereafter. The ‘ten years certain’ means that in the event of your death before 120 monthly payments have been made, the remainder of the payments would be paid to your beneficiary. Listed below are other types of monthly income options which you may elect in lieu of the above:
[[Image here]]
“(6) If you prefer, you may receive a single sum settlement of your accumulated cash values instead of monthly payments. Your estimated cash values amount to $53,838.88.”
During the hearing before the appeals tribunal for the Department of Employment Security, the trust officer for the retirement income plan in question testified con *992 cerning the computation of the lump sum settlement claimant received:
“The amount of a lump sum settlement is computed based upon projected total of monthly benefits which is computed actu-arially in accordance with a person’s life expectancy and discounted for 3 payments. The lump sum is a prepayment of monthly benefits due to an employee for the rest of his life. Mr. Scroggins elected to receive his benefits in the form of a lump sum payment and by letter dated January 12, 1976 was paid the sum of $55,951.87 by check number 00195 drawn upon the thrust account. This sum represents a prepayment of the $438.25 per month which Mr. Scroggins was guaranteed for the rest of his life.” [emphasis supplied]
The lump sum payment unquestionably represented a prepayment of monthly benefits actuarially estimated to cover the remaining days of Scroggins’ life. Although the Department did not find any facts to the contrary, Scroggins was awarded unemployment compensation because of the agency’s “policy” that a lump sum settlement “is not to be prorated.”
By deciding the case in accordance with its “policy” rather than the clear provisions of the statute the Department acted contrary to law. La.R.S. 23:1601(7)(c) expressly provides that an individual is disqualified for benefits during any week with respect to which he has received remuneration in the form of pension plan payments to which a based period employer has contributed. The uncontroverted testimony of the trust officer who computed claimant’s lump sum settlement clearly indicates that the $55,951.87 lump sum constituted a prepayment of benefits with respect to all of the remaining weeks of Scroggins’ life. Accordingly, Scroggins received remuneration with respect to more than merely the single week in which he received the lump sum payment. The lump sum payment represented remuneration with respect to the actuarially estimated balance of Scroggins’ life.[3]
For the reasons assigned, we conclude that the Department’s adjudication of Scroggins’ claim was based on an error of law. Accordingly, the agency’s decision and the court judgments affirming it are vacated. The case is remanded to the Department for a redetermination of Scroggins’ claim consistent with this opinion.[4]

. Claimant contributed a total of $4,844.22 to the plan.

. Act 366 of 1976 amended La.R.S. 23:1601(7)(c) to include retirement or pension payments by the State of Louisiana and any of its instrumentalities or political subdivisions.

. This position is consistent with the position of other states’ courts. See, Annotation, 56 A.L.R.3d 520 (1974). The Department’s reliance on the decision of Hale v. Gerace, 324 So.2d 558 (La.App. 1st Cir. 1975) is misplaced in the present case. In Hale, the court found that because there was no evidence that the employer was contributing any part of the money the claimant was receiving from the plan at the time of the employee’s claim, claimant was not disqualified until he had completely withdrawn his own funds set aside in the pension plan.
In the present case, undisputed evidence indicated that the employer “has contributed on behalf of’ claimant by regular annual payments into an independent trust account. The record also reflects that at the time Scroggins’ claim was pending, claimant had received remuneration in the form of the lump sum payment by relator and that this lump sum represented a prepayment of lifetime retirement benefits. Nothing in La.R.S. 23:1601(7)(c) indicates that the relative amount of contributions made by employee and employer should be considered.

. Since the lump sum payment was based on a $438.25 monthly payment, the Department should compute the extent to which Scroggins is disqualified for benefits on a weekly basis. La.R.S. 23:1601(7)(d). Should it be determined that Scroggins is not entitled to any unemployment benefits as a result of his Tennessee Gas Pipeline Company employment, our decision herein should not be construed to prevent him from becoming eligible to receive benefits from a new base period employer. See, La.R.S. 23:1472; 1600-01.