FORET, Judge.
This is a suit for judicial review of the denial of the plaintiff, of unemployment compensation benefits, by the Department of Employment Security, State of Louisiana. The claimant applied for unemployment compensation benefits, and was initially determined eligible for benefits by the local agency of the Department of Employment Security. The agency found that the claimant had been discharged from her job while she was on a leave of absence, and therefore she had not been discharged for misconduct associated with her employment.
The ruling of the local agency was appealed to the appeals tribunal for the Department of Employment Security. The appeals referee, after a hearing on the matter, reversed the determination of the local agency. The decision of the appeals referee was then appealed by the claimant to the Board of Review for the Office of Employment Security. The Board of Review denied claimant’s appeal and ordered that the decision of the appeals referee be affirmed.
A petition for judicial review of the Board of Review’s decision was then filed by claimant in the Fourteenth Judicial District Court for the Parish of Calcasieu. Pursuant to LSA-R.S. 23:1634, answers were filed by the Rest Haven Nursing Center, claimant’s employer, and by the Administrator of the Office of Employment Security. The latter, in its answer, requested that the decision of the Board of Review be reversed.
A hearing was held on the matter in the district court on January 13, 1978. Counsel for the State and for Rest Haven made no *1363 appearance. The district judge rendered judgment in favor of claimant, reversing the decision of the Board of Review and decreeing claimant to be eligible for unemployment benefits. Rest Haven has perfected this devolutive appeal from the judgment of the district court.
In our opinion, the claimant is not chargeable with misconduct in connection with her employment such as would be required to deny her unemployment compensation benefits. Plaintiff requested, and was granted, a leave of absence from her employment as a cook with the Rest Haven Nursing Center. The purpose of the leave of absence was so that she could see about personal and family problems. The employer claims that claimant was granted a three-week leave of absence from January 24, 1977 to February 14, 1977. Claimant claims that she did not understand that the leave of absence was for a definite period of three weeks. She claims that she understood that she could come back to work when she had cleared up the matters for which she had taken said leave. At any rate, claimant did not return to work at the end of the three weeks, but rather, on February 20, she called her employer to inquire when she was supposed to return to work. She was then informed that she was supposed to return to work on the previous Monday, that is, February 14, and having failed to do so, she had been replaced.
The issue is whether claimant is guilty of any misconduct in connection with her employment such as to deny her unemployment compensation benefits.
LSA-R.S. 23:1601(2) provides in pertinent part as follows:
“An individual shall be disqualified for benefits:
(1) if the administrator finds that he left his employment without good cause connected with his employment; . . .
(2) if the administrator finds that he has been discharged for misconduct connected with his employment . . ”
Under the first paragraph of Section 1601, quoted above, we conclude that the claimant did not leave her employment voluntarily. Where there is a leave of absence mutually agreed on by the employer and employee, the employee does not voluntarily quit his job for purposes of determining eligibility for unemployment compensation benefits following failure of the employer to re-employ the employee at termination of the leave. LSA-R.S. 23:1601; Smith v. Gerace, 339 So.2d 410 (La.App. 1 Cir. 1976); South Central Bell Telephone Co. v. Administrator, Div. of E.S., 247 So.2d 615 (La.App. 3 Cir. 1971), writ refused, June 28, 1971.
Concerning the issue of whether the claimant was guilty of such misconduct in connection with her employment as to justify the denial of unemployment compensation benefits, we are of the opinion that she was not. Apparently the Administrator of the Office of Employment Security, State of Louisiana, is of the same opinion, for he requested, in his answer to this suit, that the holding of the Board of Review denying claimant’s demand for unemployment compensation benefits be reversed. Accordingly, is this Court bound by the findings of fact of the Board of Review? Under these circumstances, we conclude that we are not bound by the rule of law that administrative determinations of fact are conclusive unless wholly without evidential support, or wholly independent on the questions of law, or clearly arbitrary or capricious. In this case there is obviously a difference of opinion between the Administrator of the Office of Employment Security and the Board of Review. While the Board of Review and the appeals referee are of the opinion that claimant should be disqualified for benefits, the local agency which originally considered claimant’s application and now the Administrator of the Office of Employment Security are of different views.
The Louisiana Employment Act is within the class of social and economic legislation which should be interpreted so as to extend its benefits as far as possible within the bounds imposed by the expressed legislative restriction. We adhere to the principle that *1364 the Louisiana Employment Act is to be construed liberally in favor of the unemployed worker. A liberal construction in this case requires us to find that the claimant herein is entitled to unemployment benefits, as did the district court. Smith v. Gerace, supra; Hale v. Gerace, 324 So.2d 558 (La.App. 1 Cir. 1975), writ refused; Lambert v. Brown, 169 So.2d 4 (La.App. 2 Cir. 1964); Southern Hardware and Lumber Co. v. Vesich, 250 So.2d 780 (La.App. 4 Cir. 1971).
For the above reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against appellant, Rest Haven Nursing Center.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.