BLANCHE, Judge.
This action was brought by the Division of Administration, Compensation, Payment and Control of the State of Louisiana, seeking to terminate the practice by the Louisiana Department of Labor, Office of Employment Security, of paying mandatorily retired state employees unemployment compensation benefits. From a judgment denying the claim for injunctive and declaratory relief, plaintiff prosecuted this appeal.
Appellant claims that the defendant is compelled to reduce the amount of unemployment compensation paid to retired state employees by the amount they receive in pension benefits since LSA-R.S. 23:1601(7)(c) and (d) provide for a disqualification or reduction for any week during which the claimant receives remuneration in the form of payment under a pension plan toward the cost of which the employer has contributed. LSA-R.S. 23:1601(7)(c) and (d) provide:
“An individual shall be disqualified for benefits:
* * * * * *
“(7) For any week with respect to which he is receiving or has received remuneration in the form of:
# * * * * *
“(c) payments under any retirement or pension plan, system or policy provided by a private employer or the state of Louisiana and any of its instrumentalities or political subdivisions, and towards the cost of which a base period employer is contributing or has contributed on behalf of the individual.
Amended by Acts 1968, No. 655, § 1; Acts 1976, No. 366, § 1.
“(d) If the amount payable under (a), (b), or (c) above with respect to any week is less than the benefits which would otherwise be due under this Chapter, he shall be entitled to receive for such benefit period, if otherwise eligible, benefits reduced by the amount of such remuneration. If any such benefits, payable under this Sub-section, after being reduced by the amount of such remuneration, are not an even multiple of one dollar, they shall be adjusted to the next higher multiple of one dollar.”
All parties concede that a person employed by the state who reaches the mandatory retirement age and meets the other statutory requisites is entitled to receive a pension to which the state has contributed. The relevant details of this plan are that during the employment years the state sets aside funds in a reserve account on behalf of the employee (R.S. 42:653) which are later combined with the employee’s contributions (R.S. 42:654) into an account out of which the retirement benefits are paid. *45 Upon retirement, the employee selects the method of receiving his benefits.
Defendant-appellee, the Office of Employment Security (hereinafter referred to as “Employment Security”) has taken the position that R.S. 23:1601(7)(c) does not become operative until an employee has withdrawn from the retirement or pension plan the total amount of his contributions. Employment Security reasons that this result is compelled by the fact that until the employee has withdrawn all of his contributions to the plan, the employer has not actually contributed anything toward the retirement plan as defined in R.S. 23:1601(7)(c). Ap-pellee also urges that this interpretation is mandated by our earlier holding in Hale v. Gerace, 324 So.2d 558 (La.App.lst Cir. 1975), writs denied, 326 So.2d 344 (La.1976).
Hale involved an unemployment compensation applicant who had been forcibly retired from Dresser Industries. During his employment, he contributed $6,100.32 to the Dresser pension plan. Upon retirement, he selected a lifetime annuity of $305.44 per month. Under the plan, the first three years of benefits were to be excluded from income taxes. This Court affirmed a finding by the district court that the Board of Review had erred in reducing Hale’s unemployment benefits by the amount he was receiving from the Dresser pension plan.
Based upon what this Court viewed as the sound public policy of the law designed to provide some measure of economic security to unemployed workers and the juris-prudentially established rule that the provisions of the Unemployment Compensation Act were to be construed liberally in favor of the unemployed worker, we held:
“[W]e think the more reasonable interpretation of the private pension plan remuneration disqualification is that this disqualification takes effect only after the claimant has been reimbursed for the money which he has put in the pension plan. In the instant case, the employer did not contribute any part of the money the claimant is presently receiving from the plan; the money that he is now receiving is his own money. Until such time as he has completely withdrawn his own funds set aside in the pension plan, the employer cannot be said to have contributed any money to the remuneration received by him. In other words, until the claimant has been repaid all of the money which he himself contributed to the pension plan, it cannot be said that he is receiving . . remuneration in the form . . . payments under any private retirement or pension plan, system or policy toward the cost of which a base period employer is contributing or has contributed on behalf of the individual.’ ” (Hale v. Gerace, 324 So.2d at 560-561 — Emphasis supplied)[1]
The only basis for' the Court’s conclusion in Hale that the employee was only receiving the return of his own contributions the first three years of the plan was that for income tax purposes, the first three years’ payments were considered as return of capital. However, how a fund is treated for accounting or tax purposes should not be dispositive of whether the employer has contributed, or is contributing, to the cost of the plan for the purpose of R.S. 23:1601(7)(c). In the present case, retired employees are receiving pension payments, the cost of which the state made contributions toward during the employment years of those individuals. This analysis leads us to conclude that Hale is indistinguishable from the case at bar and therefore calls in question the correctness of that decision.
We believe Hale writes into R.S. 23:1601(7)(c) an additional provision not included by the legislature, i. e., “provided further that the disqualification shall not take effect until claimant has been reimbursed the full amount of the contributions which he has made to the pension plan.” This interpretation of the section is contrary to the clear language of the section and inconsistent with the established policy directives of the Unemployment Compensation Act.
*46 The statutory language is clear and free from ambiguity. A claimant’s unemployment compensation benefit must be reduced by the amount he receives from:
“any retirement or pension plan, system or policy * * * towards the cost of which a base period employer is contributing or has contributed on behalf of the individual.” (Emphasis supplied)
The statute contains no proviso excluding its coverage until the employee has received the full amount of his contributions. All that is required for the disqualification to become effective is that the employee be receiving payments from a retirement plan toward the cost of which an employer either has contributed in the past, or is currently contributing, on behalf of the employee. How the funds are kept for accounting purposes prior to retirement and how the initial payments to the recipient under the plan are reported for Internal Revenue Service purposes are not relevant to the disqualification. The only important criterion is whether the plan is one partially supported by employer contributions.
The Louisiana Civil Code provides the rule of construction applicable in this case.
“When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.” (LSA-C.C. art. 13)
This interpretation is further supported by the policies underlying the Employment Security Act. The Supreme Court in National Gypsum Company v. Administrator, Department of Employment Security, 313 So.2d 230 (La.1975), said:
“ * * * [Unemployment compensation is not paid primarily to reward the employee nor to punish the employer, but rather to protect the stability of the state and of the family, by relieving the family distress and the menace to the public welfare occasioned through unemployment of individual workers.” (313 So.2d at 232)
If an employee were allowed to receive unemployment compensation and payments from an employer-supported pension plan at the same time, the employer would be forced to pay twice for the employee’s retirement. Viewed simply, a retirement or pension plan is actually a negotiated private unemployment compensation agreement. Underlying most plans is the promise by the employer, through his contributions, to provide a stated base income for the employee when the employee becomes unemployable due to old age or forced retirement. Under the Employment Security Act, the employer, in cooperation with the state, and through his contributions, provides economic security to workers who are unemployed merely because there are not enough jobs to go around. Thus, unemployment compensation is an employer-supported pension plan for workers who are fortuitously unemployed. We believe the clear import of the disqualification of R.S. 23:1601(7)(c) is to avoid the unfair economic imposition which would be placed upon an employer by forcing him to pay unemployment compensation for the same employee who is collecting under a retirement plan or pension, the cost of which the employer has contributed, or is contributing on behalf of the employee.
Finally, we believe the above reasoning is supported by the recent case handed down by the Louisiana Supreme Court in Tennessee Gas Pipeline Company v. Administrator, Department of Employment Security of State of Louisiana, 364 So.2d 990 (La.1978). There an employee received a lump sum settlement of his pension in the amount of $55,951.87. The plan was composed of both employee and employer contributions. The employee argued that he should be disqualified from unemployment compensation only for the week in which he received his lump sum settlement. The Supreme Court held that the lump sum settlement represented a prepayment of monthly benefits actuarially estimated to cover the remaining days of his life. Hence, the plaintiff was disqualified for the entire period represented by the lump sum settlement. Important to the case before this Court is the fact that the Supreme Court did not find that the disqualification was inapplicable until the employee had withdrawn the total amount of *47 his own contributions. Thus, the critical element which triggered R.S. 23:1601(7)(e) was that the employer had contributed to the plan on behalf of the claimant by regular payments into a trust account and the employee was receiving benefits under that plan.
As stated above, all parties concede that the State of Louisiana makes regular contributions to a retirement plan on behalf of each employee during the period of their employment. We hold, therefore, that any unemployment benefits paid to a retired state employee must be reduced by the amount of retirement benefits received pursuant to the State Retirement Plan. R.S. 23:1601(7)(c) and (d). Hale v. Gerace is overruled insofar as it stands for the proposition that the above disqualification only applies after an employee has received the full amount of his own contributions.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and set aside, and judgment is hereby rendered declaring that the practice of the Department of Labor, Office of Employment Security, of paying unemployment compensation to state employees who are receiving benefits under the State Retirement Act until the total amount of the employee’s contributions has been withdrawn is illegal and contrary to LSA-R.S. 23:1601(7)(c) and (d). It is further ordered that this case be remanded to the district court with instructions to issue an injunction directed to the Office of Employment Security preventing and enjoining the Office of Employment Security from paying unemployment compensation benefits to retired state employees without first deducting therefrom the amount of retirement benefits they are receiving. Defendant-appellee is to pay all costs of this appeal.
REVERSED AND REMANDED.

. Since Hale, the legislature amended R.S. 23:1601(7)(c) by Acts 1976 to include the State of Louisiana and any of its instrumentalities or political subdivisions.