413 So.2d 652 (1982)
Mervin SCHOENNAGEL, Jr.
v.
LOUISIANA OFFICE OF EMPLOYMENT SECURITY.
No. 14709.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*653 Willie D. Maynor, Baton Rouge, for plaintiff, appellant.
John V. Seago, Covington, for defendant, appellee.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
Plaintiff, an employee of Terminix Exterminating Company, Inc., was arrested and incarcerated on January 29, 1980. Shortly thereafter he called his employer and left word of his incarceration and of his inability to make bond. He remained in jail for approximately fourteen days until he was able to gain his release. When released he contacted his superior and was informed he no longer had a job with Terminix.
Plaintiff applied for unemployment compensation benefits and was informed he was disqualified. The notice he received read in part as follows:
"You were discharged from your employment due to your inability to report for work because of incarceration. You were jailed because of personal misconduct. An employee is expected to conduct himself/herself off the job so as not to render himself/herself unable to perform the work. Your discharge was for misconduct connected with the employment." (Emphasis added.)
Plaintiff appealed to the Office of Employment Security Appeals Tribunal, a hearing was held and the denial was affirmed. He then appealed to the Board of Review of the Office of Employment Security which also upheld the disqualification upon the stated ground of misconduct connected with the employment. He brought the matter to the district court which reversed the finding of the Board of Review but upheld the disqualification on another ground, i.e., plaintiff left his job without good cause connected with his employment. Plaintiff then appealed to this court.
The trial court's holding that there was insufficient evidence to show plaintiff should be disqualified under La.R.S. 23:1601(2) due to misconduct connected with his employment is not an issue before us due to the failure of either defendant to appeal that aspect of the judgment. The only issue is whether or not the trial court was correct in concluding plaintiff had left his job without good cause connected with his employment and was therefore disqualified under La.R.S. 23:1601(1). For purposes of clarification we will, however, note both statutory grounds for disqualification and discuss briefly applicable law.
The pertinent parts of § 1601, in effect at the relevant time, read as follows:
"An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance laws of any other state or of the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances. In addition, if the administrator finds that such misconduct has impaired the right, damaged or misappropriated the property *654 of or has damaged the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be cancelled and no benefits shall be paid on the basis of wages paid to the individual by such employer." (Emphasis added.)
Concerning the allegation of misconduct, prior to the case of Grimble v. Brown, 247 La. 376, 171 So.2d 653 (1965), Louisiana courts had held acts of misconduct committed while the employee was off duty were in no way connected with his employment and therefore could not be used to disqualify the employee under § 1601(2). See Smith v. Brown, 162 So.2d 179 (La.App.3d Cir. 1964), and Smith v. Brown, 147 So.2d 452 (La.App. 2d Cir. 1962). Grimble disapproved of these cases and held off duty misconduct may be connected to the employment in certain cases. But the trial court in the instant case noted there was no evidence put forth at the hearing showing plaintiff had actually committed the act for which he was charged.[1] Our review of the record verifies this fact and therefore the trial court correctly found the evidence was insufficient to warrant disqualification under § 1601(2).
The court upheld the disqualification under § 1601(1) on the basis that although plaintiff had left his employment with good cause the cause was not connected to the employment. We find plaintiff did not "leave" his employment and therefore reverse the decision of the trial court.[2]
As quoted above, the first sentence of subsection (1) states an individual shall be disqualified if he has left his employment without good cause connected with his employment. The term "left" is used in this subsection whereas the phrase "has been discharged" is used in subsection (2). The meaning of the term "left" was an issue in Piggly Wiggly of Springhill, Inc. v. Gerace, 370 So.2d 1327 (La.App. 2d Cir. 1979). The court stated, at pages 1328, 1329:
"Our interpretation of 1601(1) is that the word left is intended to cover those situations where an employee quits, or voluntarily leaves or resigns, his employment."
The testimony at the hearing shows plaintiff did not voluntarily leave his employment. He expressed his intention to remain as an employee by calling his employer the day he was incarcerated and again by calling the very day he was released from jail. The employee's action of contacting the employer while incarcerated was deemed significant in Smith v. Brown,[3] (supra) and we find it significant in the present case. In light of these circumstances we cannot deem this unavoidable absence to mean he "left" his job.
In Towner v. Department of Emp. Sec., 364 So.2d 1362 (La.App. 3d Cir. 1978), an employee had been granted a leave of absence but misunderstood the duration of the leave. When she called to inquire about returning to work she was informed she had been replaced because she failed to return at the proper time. The Third Circuit concluded she did not leave her employment voluntarily and therefore did not fall under the first paragraph of Section 1601.
The court said, at page 1363:
"Where there is a leave of absence mutually agreed on by the employer and employee, the employee does not voluntarily *655 quit his job for purposes of determining eligibility for unemployment compensation benefits following failure of the employer to re-employ the employee at termination of the leave."
We realize the present case does not involve a leave of absence but we find the reasoning applied to be pertinent here. In both cases we have an employee who was away from work but who had communicated an intention to return to work. Although the employee in Towner was initially granted permission to be away from work, at the time she returned to her job, she had been away without the consent of her employer, just as the plaintiff had been in this case. The gist of the decision is that an employee who is not physically present at work, but who has kept in touch with his or her employer and intends to return to work has not "left" the employment within the meaning of § 1601(1). Using this logic we conclude plaintiff had not "left" his work and therefore should not be disqualified under this statute.[4]
In support of the above reasoning, it is interesting to note the initial notice of disqualification, quoted above, informed plaintiff "You were discharged from your employment due to your inability to report to work because of incarceration." It did not state he had left his employment. Since § 1601(1) is applicable only to situations where the employee voluntarily leaves the employment, it has no application to the facts of this case.
We note plaintiff is not contesting his employer's right to dismiss him due to his absenteeism or his alleged misconduct, but argues simply that he should not be disqualified under § 1601(1) or (2) from receiving unemployment benefits. Further, he stated at the hearing he does not expect to be compensated for the time spent in jail but only from the time of his release (February 14, 1980) when he learned he was discharged from his job.
For these reasons, the judgment appealed from is reversed and this case is remanded to the Board of Review, Office of Employment Security, which agency is ordered to recognize claimant's eligibility for unemployment compensation benefits (beginning February 14, 1980) in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] To a supplemental brief recently filed by appellant, there is attached an extract of trial court minute entries showing appellant was found not guilty of the charge on January 13, 1982.
[2] We are aware that the findings of the Board of Review as to facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. La.R.S. 23:1634; Leonard B. Hebert, Jr. & Co. v. La. Etc., 383 So.2d 431 (La.App. 4th Cir. 1980). If the issue of plaintiff's leaving his employment is characterized as a factual matter, we conclude there was insufficient evidence to support the review board's conclusion. However, we are more inclined to characterize the issue of "leaving" and the meaning of the term "left" as purely legal matters, since they involve the interpretation of the law.
[3] Although this case was disapproved in Grimble (supra), it was for reasons not related to the issue of the employee notifying the employer.
[4] Our holding in this case is limited to and based on the particular facts. We are in no way implying any employee who is incarcerated and then attempts to report to work is automatically entitled to unemployment benefits. Nor are we holding an unreasonably long period of incarceration or other absence from the job cannot ever be tantamount to one "leaving" his employment. We hold simply that under the facts of this case plaintiff should not be disqualified for benefits.