MEREDITH CORPORATION, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, Appellee.

No. 66496.

Supreme Court of Iowa.

June 16, 1982.

Glenn L. Smith and J. D. Hilmes of Duncan, Jones, Riley & Finley, Des Moines, for appellant.

Walter F. Maley, Blair H. Dewey and Edmund Schlak, Jr., Des Moines, for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Meredith Corporation contends that under chapter 96, The Code 1977, private retirement benefits paid to an employee in a lump sum must offset unemployment benefits for each month for which it was paid, not just the month the lump-sum payment was received.

The facts are essentially undisputed. Pursuant to company policy, Arvilla Thompson retired from Meredith at age 65. She elected to receive her retirement pension in the form of a lump-sum payment instead of periodic payments. Thereafter she sought unemployment benefits, which were granted by a claims deputy after a fact-finding interview. The decision was appealed by Meredith to a hearing officer on the ground the deputy did not order the weekly benefits to be reduced, on a monthly basis, by the lump-sum payment. The hearing officer affirmed the deputy's decision, and on appeal the Iowa Department of Job Service affirmed the hearing officer. On judicial review the district court affirmed Job Service's decision and Meredith now appeals. We reverse and remand.

I. *Substantial evidence.*

■ Meredith raises a preliminary question: whether there was substantial evidence in the record to support the district court's finding that Thompson received her lump-sum payment *before* filing for unemployment benefits. Meredith did not assert any error in the fact-findings in its notice of appeal to the board nor in its petition for judicial review. It therefore cannot be considered by this court. See *Buchholtz v. Iowa Department of Public Instruction,* 315 N.W.2d 789, 794 (Iowa 1982).

II. *Reduction of benefits.*

■ Section 96.4 sets forth unemployment benefits eligibility requirements; section 96.5 then provides:

An individual shall be disqualified for benefits:

\*　　\*　　\*　　\*　　\*　　\*

5. *For any week with respect to which he or she is receiving or has received payment in the form of*:

*a.* Wages in lieu of notice;

*b.* Compensation for temporary disability under the workers' compensation law of any state or under a similar law of the United States;

*c.* Old-age benefits under title II of the Social Security Act (42 USC, chapter 7), as amended, or similar retirement payments under any Act of Congress; however only fifty percent of the old-age benefits under title II of the Social Security Act shall be deducted from his or her weekly benefits;

*d.* Benefits paid as retirement pay or as private pension.

(Emphasis added.) Section 96.5 next provides for pro rata disqualification in the event the outside income, such as retirement pay, is less than the unemployment benefits to which the recipient is entitled. It then adds:

Provided further, if benefits were paid for any week under this chapter for a period when benefits, remuneration or compensation under paragraphs "*a*", "*b*", "*c*", or "*d*", of this subsection were paid on a retroactive basis for the same period, or any part thereof, the department shall recover any such excess amount of bene-

fits paid by the department for such period, and no employer's account shall be charged with benefits so paid ....

Both parties claim the statute is unambiguous and operates in their respective favor. Meredith argues it can offset the lump-sum payment on a periodic-payments basis because the statute allows such a deduction "[f]or any week with respect to which he or she ... *has received payment* ...." (Emphasis added.) It claims, moreover, that to hold against it under these circumstances would be inconsistent with the statute's purposes of preventing a duplication of benefits and minimizing the burden of unemployment. Lastly, it argues other jurisdictions, in construing similar statutes, have held the substance and not the form of payments made under a private pension plan is the determinative criterion for disqualification. *E.g., Holmes v. Cook*, 45 Ala.App. 688, 236 So.2d 352 (1970); *Zabrowski v. Administrator*, 146 Conn. 215, 149 A.2d 310 (1959); *Tennessee Gas Pipeline Co. v. Administrator*, 364 So.2d 990 (La.1978). *See generally* 76 Am.Jur.2d *Unemployment Compensation* § 87, at 1003 (1975); 81 C.J.S. *Social Security* § 217, at 418 (1977); Annot., 56 A.L.R.3d 520 (1974). Job Service responds that the statute only allows a set-off for the week in which benefits are actually paid. It also points out that to accept Meredith's construction—*viz.*, *all* payments should be considered as periodic—renders the second proviso in the statute meaningless, thus indicating an intent to distinguish between lump-sum and periodic payments.

Judicial review is governed by the Iowa Administrative Procedure Act, ch. 17A, The Code. Section 17A.19(8) sets forth the powers of a reviewing court:

The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced because the agency action is:

a. In violation of constitutional or statutory provisions;

b. In excess of the statutory authority of the agency;

c. In violation of an agency rule;

d. Made upon unlawful procedure;

e. Affected by other error of law;

f. In a contested case, unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole; or

g. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

In the construction of statutes, words and phrases are to be construed according to the context and approved usage of the language. § 4.1(2), The Code 1981. If a statute is ambiguous, the court may consider, among other matters, the object to be attained, the consequences of a particular construction, administrative construction, and the preamble or statement of policy accompanying the statute. § 4.6, The Code 1981. The administrative interpretation of this particular statute has already been discussed. We believe application of the general rules of construction, however, dictates a different result.

The language of section 96.5(5) is clear: "An individual shall be disqualified for benefits .... for any week *with respect to which* he is receiving or *has received* remuneration ...." (Emphasis added.) Despite the contention of Job Service that the method of computing the lump-sum payment was not part of the record, there is a letter to its claims department in the record of the administrative proceedings that the payment was, in fact, the actuarial equivalent of $122.64 per month. Job Service does not dispute this amount. For each of the months following its receipt, therefore, the lump-sum pension payment would constitute remuneration which the claimant has received, and section 96.5(5) would require reduction of unemployment benefits as though they had been received monthly.

Job Service contends this interpretation renders part of the act surplusage, thus indicative of a contrary legislative intent. We believe, however, the language of the

statute is controlling. Moreover, in assessing this sort of legislative-intent argument, we must also consider the effect of Job Service's interpretation: a windfall to a lump-sum recipient at the expense of the unemployment compensation fund. Such an interpretation would do nothing to further a policy of the unemployment compensation law, which is to "lighten [the] burden which . . . falls with crushing force upon the unemployed worker and his or her family." § 96.2, The Code. *See Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471, 472–73 (Iowa 1973).

The district court erred in refusing to reduce each of Thompson's monthly unemployment payments by the amount of the lump-sum payment attributed to it. Meredith concedes part of the retirement payment received by Thompson, which represents her own contribution, may not be charged against her benefits for unemployment; however, there is nothing in the record before us to establish that amount. We reverse and remand this case to the district court with directions to vacate its prior judgment, and to remand to Job Service to make findings on that issue and enter an award of benefits in conformity with this opinion. *See* § 17A.19(8), The Code.

REVERSED AND REMANDED.